UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROBERT SPERANO and GEORGIA
SPERANO

                         Plaintiffs,

-against-

INVACARE CORPORATION and AMERICAN
HOMEPATIENT,

                         Defendants.
-------------------------------------------------------------x
INVACARE CORPORATION,

                         Third-Party Plaintiff,

-against-

NUCOR CORPORATION and HERB'S
WHOLESALE SUPPLY,

                         Third-Party Defendants.
-------------------------------------------------------------x

**NOTICE OF MOTION**

Magistrate Judge Marian W. Payson

Index No.: 03 CV 6157T

COUNSELLORS:

PLEASE TAKE NOTICE, that defendant/third-party plaintiff Invacare Corporation, by and through its attorneys, Sedgwick, Detert, Moran & Arnold LLP, will move this Court on a such date as the Court shall direct at the United States Courthouse, located at 100 State Street, Rochester, New York 14614, for an Order pursuant to FED. R. CIV. P. 45(c)(3), quashing plaintiff's Notice of Deposition upon non-party Kathleen Dembek, and pursuant to FED. R. CIV. P. 26(c) for a protective order precluding plaintiff from deposing Ms. Dembek, and pursuant to FED. R. CIV. P. 11 seeking sanctions from plaintiff's counsel due to ongoing fallacious statements and accusations, and for such other and further relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that answering papers, if any, must be served by January __. 2006.  Reply papers if any, must be served by January __, 2006.

Dated:   New York, New York
         January 10, 2006

                                        Respectfully Submitted,

                                        _____
                                        SCOTT L. HAWORTH (SH 5890)
                                        SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                        125 Broad Street, 39th Floor
                                        New York, New York 10004-2400
                                        Telephone: (212) 422-0202
                                        Facsimile: (212) 422-0925
                                        Attorneys for Defendant/Third-Party Plaintiff
                                        INVACARE CORPORATION

TO:

Samuel M. Hall, Esq.
HALL & KARZ
6 Gorham Street
P.O. Box 361
Canandaigua, New York 14424
Attorneys for Plaintiffs

Thomas B. Cronmiller, Esq.
HISCOCK & BARCLAY, LLP
2000 HSBC Plaza
Rochester, New York 14604
Attorneys for Defendant AMERICAN HOMEPATIENT

Valerie L. Barbic, Esq.
TREVETT LENWEAVER & SALZER, P.C.
Two State Street, Suite 1000
Rochester, New York 14614
Local Attorneys for Defendant/Third-Party Plaintiff
INVACARE CORPORATION

-3-

James D. Schultz, Jr., Esq.
LAW OFFICES OF WALTER R. PACER, JR.
302 Cathedral Place
298 Main Street
Buffalo, New York 14202
Attorneys for Third-Party Defendant
HERB'S WHOLESALE SUPPLY

Frank C. Pavia, Esq.
BOYLAN, BROWN, CODE, VIGDOR & WILSON, LLP
2400 Chase Square
Rochester, New York  14604
Attorneys for Defendant Third-Party Defendant
NUCOR CORPORATION

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROBERT SPERANO and GEORGIA
SPERANO

          Plaintiffs,

-against-

INVACARE CORPORATION and AMERICAN
HOMEPATIENT,

          Defendants.
-------------------------------------------------------------------x
INVACARE CORPORATION,

        Third-Party Plaintiff,
-against-

NUCOR CORPORATION and HERB'S
WHOLESALE SUPPLY,

       Third-Party Defendants.
-------------------------------------------------------------------x

**AFFIRMATION**

Magistrate Judge Marian W. Payson

Index No.: 03 CV 6157T

  Scott L. Haworth, affirms the following to be true being under the penalty of perjury:

  1. I am an attorney at law admitted to practice in the State of New York and before this court and am a Partner in Sedgwick, Detert, Moran & Arnold, LLP, attorneys for defendant/third-party plaintiff Invacare Corporation ("Invacare") herein. In connection with the within matter, I am also representing non-party Kathleen Dembek.

  2. I submit this Affirmation in connection with the facts and circumstances surrounding plaintiff's requested deposition of non-party Kathleen Dembek herein.

  3. On or about November 13, 2004, plaintiff served a Notice of Deposition seeking to depose Kathleen Dembek.

4. Plaintiff's counsels Samuel Hall and Lawrence Karz were subsequently advised that Ms. Dembek was no longer employed by Invacare.  As required and requested, Ms. Dembek's last known address was subsequently provided.  I also advised plaintiff's counsel that it was my understanding based upon communications with Invacare that Ms. Dembek was in poor health.

5. Invacare Quality Auditor, John Roche was deposed on or about November 4, 2005.  He was asked about non-party Kathleen Dembek.  He testified that Ms. Dembek was his "friend," and that he believed the trailer park in which she resided was gone.  He further testified that he did not know here whereabouts.  See Exhibit "F" at pp. 61 – 65.

6. At no time have I ever advised, hinted or suggested that the last known address I previously provided for Ms. Dembek no longer existed.  The only source of such information was the testimony of John Roche.  Plaintiff's assertion that this information was provided by me is patently false.

7. At no time have I ever advised any party that Ms. Dembek was deceased.  Rather, in light of Mr. Roche's testimony during a break in the deposition, I stated to counsel that I did not know if Ms. Dembek was perhaps deceased.  Counsel's assertion that I stated that Ms. Dembek was "very likely dead" is patently false.

8. As of the date of the Roche deposition, neither I nor any representative on my behalf had ever communicated with Ms. Dembek.

9. On December 9, 2005, Invacare's Director of Litigation Management advised me by telephone that she had received a telephone call from Kathleen

Dembek. Ms. Dembek reportedly advised Invacare that she had been contacted by plaintiff's counsel and/or their investigator.

10. Later that day, at approximately 6:00 p.m., I communicated with Ms. Dembek for the <u>very first time</u>.

11. During this initial discussion with Ms. Dembek, I conferred with her regarding her medical condition. Based upon that conversation, I called plaintiff's counsel, Samuel Hall either later that day or the following day, I cannot recall which. During that conversation, I politely advised Mr. Hall (with whom I had always had a cordial relationship) that Ms. Dembek's health issues would in my view, render her unable to testify. I further informed Mr. Hall that should plaintiff pursue the deposition, we would seek a protective order. This telephone call was made to attempt in good faith to resolve the issues regarding Ms. Dembek's deposition.

12. Subsequently, on December 13, 2005, based in significant part upon the stress still ongoing telephone calls from plaintiff's counsel and/or their investigator was placing upon Ms. Dembek, Invacare requested that I act as counsel to Ms. Dembek in connection with this matter.

13. By email correspondence dated December 13, 2005, I advised plaintiff's counsel that I would be representing Ms. Dembek. At this court's request, during a telephone conversation with Ms. Dembek on December 14, 2005, I confirmed with Ms. Dembek that she desired my representation. By letter dated December 14, 2005, I advised all counsel and the court of same.

14. Counsel's assertion that "Scott then tells the Court he represents her [Ms. Dembek] when he did not yet represent her," is as explained above, patently false.

-3-

15. It should be noted that during a telephone conference with this court held on or about December 14, 2005, plaintiff's counsel Lawrence Karz made the same representations as noted above regarding what I had informed him relating to Ms. Dembek's home and whether she was alive. During that time, I advised counsel that the information regarding the trailer park was obtained from Mr. Roche during his testimony and that the alleged comment as to Ms. Dembek being "very likely dead" was a misrepresentation. Nonetheless, Mr. Karz is intent on perpetuating these falsehoods as he has done in his letter to this court dated December 30, 2005.

16. Lastly, please note that the following exhibits are provided herewith, in support of the instant motion:

- Exhibit "A" – Plaintiff's counsel's correspondence to this court dated December 30, 2005;

- Exhibit "B" – Documents generated by Invacare in connection with the subject order from American HomePatient;

- Exhibit "C" -- Transcript of August 2, 2005 deposition of Invacare Territory Business Manager, Mary Abraham;

- Exhibit "D" – Transcript of November 4, 2005 deposition of Invacare's former Vice President of Customer Service, Judy Kovacs;

- Exhibit "E" – Transcript of September 14, 2004 deposition of Invacare's Product Development Manager, Roland Mentessi;

- Exhibit "F" – Transcript of November 4, 2005 deposition of Invacare's Quality Auditor, John Roche;

- Exhibit "G" – Fax cover sheet from Invacare to American HomePatient dated November 16, 2000; and

- Exhibit "H" – Letter from Kathleen Dembek's treating neurologist, Dhruv R. Patel, M.D.

-5-

17. Based upon the foregoing and the accompanying letter brief, Invacare respectfully requests that the within motion be granted in its entirety.

Dated:   New York, New York
         January 10, 2006

                                                SCOTT L. HAWORTH (5890)

CERTIFICATE OF SERVICE

I, Scott L. Haworth, hereby certify and affirm that a true and correct copy of the attached **NOTICE OF MOTION AND AFFIRMATION** was served via Federal Express on this 10th day of January, 2006, upon the following:

Samuel M. Hall, Esq.
HALL & KARZ
6 Gorham Street
P.O. Box 361
Canandaigua, New York 14424
Attorneys for Plaintiffs
(also served via facsimile w/o exhibits)

Thomas B. Cronmiller, Esq.
HISCOCK & BARCLAY, LLP
2000 HSBC Plaza
Rochester, New York 14604
Attorneys for Defendant AMERICAN HOMEPATIENT
(also served via facsimile w/o exhibits)

Valerie L. Barbic, Esq.
TREVETT LENWEAVER & SALZER, P.C.
Two State Street, Suite 1000
Rochester, New York 14614
Local Attorneys for Defendant/Third-Party Plaintiff
INVACARE CORPORATION
(also served via facsimile w/o exhibits)

James D. Schultz, Jr., Esq.
LAW OFFICES OF WALTER R. PACER, JR.
302 Cathedral Place
298 Main Street
Buffalo, New York 14202
Attorneys for Third-Party Defendant
HERB'S WHOLESALE SUPPLY
(also served via facsimile w/o exhibits)

Frank C. Pavia, Esq.
BOYLAN, BROWN, CODE, VIGDOR & WILSON, LLP
2400 Chase Square
Rochester, New York 14604
Attorneys for Defendant Third-Party Defendant
NUCOR CORPORATION
(also served via facsimile w/o exhibits)

Dated:   New York, New York
         January 10, 2006

_____
SCOTT L. HAWORTH (5890)