```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ROBERT SPERANO and GEORGIA SPERANO,

            Plaintiffs,

       v.

INVACARE CORPORATION and AMERICAN
HOMEPATIENT,
                                              03-CV-6157
            Defendants.
_____       DECISION
INVACARE CORPORATION,                         and ORDER

            Third Party Plaintiff,

       v.

NUCOR CORPORATION and HERB'S WHOLESALE
SUPPLY,

            Third Party Defendants.
-------------------------------------------
```

## INTRODUCTION

Robert Sperano ("plaintiff") brought this action against defendants Invacare Corporation ("Invacare") and American Home Patient, Inc. ("AHP"), alleging that a wheelchair assembled and distributed by AHP and manufactured by Invacare was defective and caused plaintiff's injury. Plaintiff's Amended Complaint alleges that while he was sitting in the wheelchair in an inclined position with his head on the headrest, the bolts securing the headrest to the seat-back broke and the headrest fell, causing plaintiff injuries. Invacare denies liability, claiming that plaintiff's wheelchair was altered after leaving Invacare's possession and control.

Plaintiff's counsel served notice of deposition to depose Kathleen Dembek, a former employee of Invacare. Counsel for Invacare, who also represents Dembek, moved for a protective order quashing Dembek's notice, which was heard by Magistrate Judge Marian W. Payson on February 14, 2006. Plaintiff and AHP object to the April 13, 2006 Decision & Order of Judge Payson, which granted in-part Invacare's motion for a protective order quashing the oral deposition of Dembek and ordered that each defendant be permitted to submit ten written questions pursuant to Fed. R. Civ. P. 31. <u>See</u> Order dated April 13, 2006. Judge Payson also held that defense counsel would be permitted to prepare Dembek for the deposition.

For the reasons set forth below, I affirm Judge Payson's Order and dismiss plaintiff's and AHP's objections.

## DISCUSSION

### I.   Standard of Review

Objections to the Magistrate Judge's decision were timely filed by both parties pursuant to the Local Rules of Civil Procedure. Objections to Orders of the Magistrate are governed by 28 U.S.C. § 636(b)(1)(A), which provides in relevant part that Orders relating to pretrial matters which are clearly erroneous or contrary to law may be reconsidered by a judge of the court. 28 U.S.C.A. § 636(b)(1)(A) (West 1993). I apply this standard to the parties' objections.

## II. **The April 13, 2006 Order**

Plaintiff and AHP object to Magistrate Judge Payson's Order denying plaintiff the right to depose the non-party witness Kathleen Dembek. Plaintiff and AHP argue that Dr. Dhruv Patel's unsworn January 6, 2006 letter is insufficient to meet Invacare's burden for a protective order. That argument is now moot since Invacare has produced a sworn affidavit by Dr. Patel indicating that all the statements and opinions set forth in his January 6, 2006 letter were made within a reasonable degree of medical certainty.

Plaintiff and AHP's remaining objection is that Judge Payson did not have sufficient medical proof of Dembek's condition to support the grant of Invacare's motion for protective order. Judge Payson's Order clearly reflects that she considered all of the relevant evidence and arguments made by Invacare, plaintiff and AHP and found that Dr. Patel's Janaury 6, 2006 letter provided sufficient information to support Invacare's request for a protective order. Judge Payson ruled, based on Dr. Patel's report[1] that an oral deposition would create an inappropriate burden and hardship upon Ms. Dembek in light of the "legitimate concerns for [her] health." See Order, at 5. Thus, I find that Judge Payson's

---

[1] Dr. Patel indicated that Ms. Dembek is "diagnosed with an intracranial arteriovenous malformation in the right hemisphere." He also stated that Ms. Dembek suffers from major memory deficits, geographical dyspraxia and significant emotional dysfunction. Further, he indicated that subjecting Ms. Dembek to a deposition could put her at risk for significant panic disorder and "the stresses of a deposition may have substantial risks resulting in irreversible physical and emotional harm from seizures." Finally, Dr. Patel states that Ms. Dembek's memory "will preclude her from providing accurate testimony as to the events occurring in the time frame 2000-2001."

Order in precluding the oral deposition of Ms. Dembek is neither clearly erroneous nor contrary to law.

In precluding the oral deposition of Dembek, Judge Payson found that plaintiff was entitled to propound ten written questions upon Dembek pursuant to Fed. R. Civ. P. 31. See Order, at 5. Judge Payson reasoned that such a compromise "strikes the appropriate balance between the legitimate concerns for Ms. Dembek's health and the parties' rights to depose a potentially relevant witness." See id. I agree with this finding. Plaintiff and AHP object to Judge Payson's Order arguing that the Order allowing parties to propound ten questions to Ms. Dembek through her attorney, who is also the attorney for Invacare impedes plaintiff's ability to "get uncoached reliable information from [Ms. Dembek]." While plaintiff and AHP do not cite any case law in support for this proposition, Judge Payson's ruling is in accord with well-settled case law where courts have recognized a lawyer's ability to counsel their client in connection with a deposition upon written questions under Fed. R. Civ. P. 31. See e.g. Hamdi & Ibrahim Mango Co. v. Fire Ass'n of Philadelphia, 20 F.R.D. 181, 182-83 (S.D.N.Y.1957). Judge Payson's decision was soundly based on legal principles and is neither clearly erroneous nor contrary to law. I therefore affirm the Magistrate Judge's Order as it relates to plaintiff and AHP's objections.

## **CONCLUSION**

For the reasons set forth above, I hereby affirm the April 13, 2006 Decision and Order of Magistrate Judge Payson in its entirety and dismiss the objections interposed by plaintiff and AHP.

ALL OF THE ABOVE IS SO ORDERED.

                                               s/Michael A. Telesca
                                                MICHAEL A. TELESCA
                                     United States District Judge

Dated:   Rochester, New York
         December 6, 2006